Sewall, J.
To a complaint of damages sustained by the plaintiff" in his meadow land, by reason of a mill-dam erected by two of the respondents, which causes the'water to overflow the complainant’s land, and praying for a jury to regulate the use of the dam, and to determine an assessment of annual damages to be [ * 74 ] paid by the respondents, * the owners of the mills and mill-dam, they plead damages assessed upon a report of referees in an action of the case, and likewise upon a complaint for a nuisance ; and also the verdict of a jury upon a like complaint for damages, in suits heretofore brought by the complainant’s ancestor, then the owner and occupant of the land described in the complaint. And upon the demurrers to these pleas we are to decide, whether the complainant is thereby barred of all remedy for any damages that he may have sustained, or be liable to, by the continuance of the same dam and obstruction, so long as the mill to which it is appurtenant and necessary remains in the hands of the same parties, and of any claiming under them.
The rules of the common law, applicable to this question, are well known, and have been established and recognized in many decisions, ancient and modern. An action of the case lies against him who erects a nuisance, arid against him who continues a nuisance erected *87 by another. The occupant as well as the owner of the place, suppose a house or mill, erected to the nuisance of another, is liable. in an action of the case, which may be brought by the successive owners and occupants of the place where the injury is sustained. In short, the continuance, and every use of that which is in its erection and use a nuisance, is a new nuisance, for which the party injured has a remedy for his damages. And although, after judgment, and damages recovered, in an action for erecting a nuisance, another action is not to be maintained for the erection, yet another action will lie for the continuance of the same nuisance. (1)
The statute for the support and regulation of mills, (2) by which the legislature intended to encourage the erection of mills, and to protect mill owners from troublesome suits, contains some special provisions, which were found necessary, relative to flowing adjacent lands. Whether the statute may be construed a repeal of the common law right, and to supersede all other remedies, in the cases there specially provided for, is a question which has not been * directly decided; nor is it necessary to decide it in [ * 75 ] determining any question that arises in the case at bar. (b)
This case is, no doubt, within the provision for mill owners, where a head of water is found necessary to a mill, and, in raising, the same lands have been flowed, not belonging to the owner of such mill; in which case it is enacted, that it shall be lawful for the owner or occupant of such mill to continue the same head of water to his best advantage, in the manner and on the terms after mentioned.
The terms appointed by the statute are the remedy, which is given to any person who shall sustain damage in his lands by their being flowed as aforesaid, by complaint to the Common Pleas of *88 the county, in order to have an assessment of yearly damages, upon their warrant, to the sheriff to summon and impanel e jury, who are to try the cause; and their verdict, returned, allowed, and recorded, is to be a sufficient bar to any action to be brought for any such damages. This verdict, and the judgment thereon, is to be the measure of the yearly damages, until the owner or occupant of the mill, or the owner or occupant of the lands flowed, shall, on a new complaint, and by a similar process, obtain an increase or decrease of the said damages.
The respondents, in the case at bar, are to be considered as relying upon these statute provisions, made for the benefit and protection of mill owners, that they may not be discouraged by many doubts and disputes; and their defence is therefore stated, not only upon the judgment and recovery in the action at common law, but also upon the award of referees in the process instituted according to the provisions of the statute; and further upon the verdict of a jury, allowed and recorded in a similar process afterwards instituted.
It is too obvious to need any discussion in establishing it, that the award of referees in the action at common law, where the plaintiff is restricted to a demand of damages sustained before the action was commenced, has no operation as a bar of any [ * 76 ] remedy for damages sustained afterwards, * by a continuance of the same obstruction. If this became lawful by the provisions of the statute, subject only to the remedies there prescribed for the party injured, the statute would be, by this construction, a bar to any action at common law, where land is overflowed by the raising of a mill-dam. But the remedy, now sought to be prosecuted, is pursuant to the provisions of the statute.
The award by referees, in the process first instituted with a view to pursue the statute remedy, is altogether retrospective — a determination as to the amount of damages which had been then sustained by the complainant. It is not an assessment of yearly damages which shall be afterwards sustained; and therefore has necessarily left open to the owner of the land damaged by overflowing any further occasional remedy for subsequent damages, to be demanded by an action at common law, or, if that is superseded by the statute, then by a complaint to the Common Pleas, as this process is.
The only question that needs discussion, after, the explanation which has been gone into, arises upon the verdict allowed and recorded in the second process, instituted according to the provisions of the statute. Such a verdict is made a sufficient bar to any action to be brought for any such damages; and this seems to be *89 reasonable, whether the verdict is for or against the complainant, as it respects the subject matter of the complaint, what is at the time the subject of proof and evidence, that is, respecting any supposed damages, alleged to have been then sustained. But in the nature of the thing, as to subsequent damages, which may be afterwards actually sustained, and of which plenary evidence may be produced, the verdict of the jury, that there is no damage, and therefore no cause of complaint, is not, and cannot be, a bar. Such a verdict must be considered as determining the state of the issue between the parties at that time. The assessment, of an annual allowance for damages, is a consequence only of the finding by the jury of actual damages, which had been sustained at the time of their inquiry. * When that is not found, or where they [ * 77 ] find that there is no damage, the assessment of annual damages prospectively would be foreign to their inquiry.
The legislature have, impliedly at least, determined this to be the constructive effect of a verdict, where no damages are found oi assessed. (3) As already observed, any verdict, returned, allowed, and recorded, is a bar to an action at law; but a new complaint is suspended or prevented only where the verdict and judgment thereon, so recorded, is capable of being the measure of the yearly damages. A verdict that there is no damage, at the time of the inquiry by the jury, certainly is not a measure of yearly damages.
It might be suggested, indeed, if this case would be aided by it, that the provisions of the subsequent statute, for a tender of damages on the part of the mill owner, and to prevent any complaint for an increase of damages, until one month expires after the same shall have become due, may be equitably extended, and rendered applicable to a case where the mill owner has been acquitted of damages in a former process. And I see no reasonable objection to that construction ; but the effect of it would be a suspension only of the complaint, for one year and one month following the time comprised in the prior decision. And perhaps the intent of the provision would be fully answered, by permitting the mill owner to bring into Court the amount of damages which he consents to allow, under a rule which should entitle him to the same advantages and costs, as he might have had by a tender of such damages, made previous to the complaint.
This case, however, is not at all within that provision, giving it the most liberal construction it is capable of. Nor do we perceive any effect which these pleas can have, as a bar to a process under the statute, by virtue of any of the provisions contained in the first *90 or in the subsequent additional statutes, enacted for the support and regulation of mills.
*The pleas of the respondents are adjudged bad and insufficient; and this judgment is to be duly certified to the Court of Common Pleas, with the complaint and proceedings, so far as these have been removed by the appeal, to be there further proceeded in as the law requires.
ADDITIONAL NOTE.
[Whether, in case of injury arising from mills, the remedy is at common law, o otherwise, see Fiske vs. Framingham., &c., 12 Pick. 68. — Baird vs. Hunter, 12 Pick. 556. —Baird vs. Wells, 22 Pick. 312.—F. H.]

 Com. Dig., Action upon the Case for a Nuisance, B. cites Dyer, 320. —2 Cro 373, 355. — 3 Lev. 209. — Salk. 460. — 4 Burr. 2141. — Esp. Rep. 69, 70. — See Lord Raym. 370, 713, 1092. — Salk. 10.

 Stat. 1795, c. 74.

 [It has since been held that by the statute the remedy at common law has been taken away. — Stowell vs Flagg, 11 Mass. Rep. 364.
But in Johnson vs. Kitteredge & Al., (17 Mass. Rep. 76,) it is said that “this is true only in cases where the mill owner can justify himself under the statute ; ” and that if the owner of a mill, after the damages have been ascertained pursuant to the statute, should raise the water higher, or flow the complainant’s lands for a longer portion of the year than by the verdict of the jury he is authorized to do, so that he could not justify himself by that verdict, there would be no remedy for that injury under the statute; but the only remedy for the owner of the land would be by action at common law. Yet, in the same case, it is said that if, after the height of the dam and the time of flowing have been determined by the verdict of a jury, the mill owner should erect new mills, or should introduce new machinery into the old mills, requiring a greater head of water to work them, and he should raise his dam as high as might be necessary for such new works, the remedy for the owner of the land thereby flowed would be by a new complaint founded on the second section of the statute. — Ed.]

 Stat 1797, c. 63.