Cain v. The C., R. I. & P. R. Co.

1. **Homestead**: DAMAGES TO HOMESTEAD INTEREST: RIGHT TO RECOVER. The widow of the owner of real estate, who occupied the same as a homestead after the death of her husband, was held entitled to maintain an action to recover special damages alleged to have been caused to her homestead right by the wrongful maintenance and use of a railroad track upon the street in front of the property, although such maintenance and use commenced during the lifetime of her husband.

2. **Railroads**: USE OF STREETS: NUISANCE. Where a railroad company laid a side track upon the street of a city within six feet of the line of the street, in violation of the provisions of the city ordinance granting it the right of way, which prohibited the construction of any track within eighteen feet of such line, it was held that such track, and the use thereof, constituted a nuisance, for the maintenance of which a property holder who had sustained special damages by reason thereof might maintain an action; the discretion necessary to be exercised in determining the limits to be imposed upon the use of the street by the railroad being vested in the city council.

3. ——: DAMAGES: CONTINUING INJURY. The track, being a side-track, and having been wrongfully constructed, in violation of the city ordinance, could not be considered a permanent structure, the damages arising from the maintenance of which would be original, and not continuous, nor, being a nuisance, could the right to continue such maintenance be acquired by prescription.

*Appeal from Polk Circuit Court.*

MONDAY, JUNE 24.

THE substance of the petition is: that in the year 1872 Robert Cain, plaintiff's husband, purchased a lot on the north side of Vine Street in the city of Des Moines, and erected thereon a brick dwelling house, the outer wall of which was

upon the south line of the lot and abutted on the sidewalk. Before the purchase of the lot and the erection of the house, the city by an ordinance had granted to the defendant the right to run its railroad tracks along said street, which was $82\frac{1}{2}$ feet wide, the said tracks to be constructed as nearly as practicable to the middle line of the street, and so as to leave at least eight feet on each side of said street between the sidewalks and said tracks. In the year 1873 the defendant, without the permission of said Robert Cain or the plaintiff, and in violation of said ordinance, laid a side-track within six feet of the line of said street, and within six feet of said dwelling house, and upon four feet of the space allowed for a sidewalk by the city plat; that there was sufficient space in said street for defendant to lay its side-track without encroaching on the space allowed for sidewalk, on either side, and defendant put down said side-track to reach warehouses along the north side of said Vine Street, and not because it was necessary to operate said road.

The said Robert Cain died in the year 1876, and it is averred that the plaintiff has occupied said house as her dwelling and homestead from the time it was erected up to the present; "that defendant leaves cars standing upon said side-track in front of plaintiff's doorway often for periods of a day or two at a time; that leaving said cars standing so near plaintiff's house and running them and their engines past, and the general use of said siding for railroad purposes has shaken the walls of said house, and so shaken it as to render it almost worthless; that it is rendered unfit for a dwelling, and for such purpose is rendered valueless; that plaintiff has suffered great annoyance and disturbance from the close proximity of the cars, to her damage in the sum of $1,500," for which she asks judgment.

There was a demurrer to the petition, the substance of which is that the plaintiff is not entitled to recover upon the facts stated in her petition. The demurrer was sustained. Plaintiff appeals.

*Clark & Connor*, for appellant.

*Wright, Gatch & Wright*, for appellee.

ROTHROCK, J. I.—That a railroad company may locate and build its road in the public streets of a city or town in this State, without the consent of the corporate authorities of such city or town, has been definitely settled by frequent decisions of this court. *City of Clinton v. C. R. & M. R. R. Co.*, 24 Iowa, 455; *Chicago, Newton and Southwestern R. Co. v. Mayor, etc.*, 36 Id., 299; *Cook v. City of Burlington*, 36 Id., 357; *Slatten v. Des Moines Valley R. Co.*, 29 Id., 148; *City of Clinton v. C. & L. R'y Co.*, 37 Id., 61; *Davis v. C. & N. W. R. Co.*, 46 Id., 389.

It is also well settled that such right is subject to equitable control, and proper police regulations, and if a railroad be constructed upon a street in such a careless, improper or negligent manner as to be an injury to the owner of property abutting upon the street, he may recover damages by reason of such careless, negligent and improper construction, provided his injury be special and not common to the general public. *Cadle v. Muscatine Western R. Co.*, 44 Iowa, 11; *Park v. C. & S. W. R. Co.*, 43 Id., 636; *Frith v. City of Dubuque*, 45 Id., 406.

This court has never determined that a person cannot recover damages for special injuries to his property by reason of the construction of a railroad in the street of a city; and, the right to construct being subject to equitable control and proper police regulations, the ordinance of the city of Des Moines prescribing the extent to which Vine street should be occupied by railroad tracks was just such an ordinance as it had the power to make and enforce, provided it was not an unreasonable restriction upon the railroad company. That it was not unreasonable must be presumed, in the absence of a showing to the contrary. The allegations of the petition being conceded by the demurrer to be true, Robert Cain un-

VOL. LIV—17.

doubtedly had the right to recover damages of the plaintiff for building a railroad track within six feet of his house, in violation of the ordinance of the city, and operating it in the manner set forth in the petition. His right of recovery would have been grounded upon the fact that he was the owner in fee of the property. The plaintiff herein could not have maintained an action before her husband's death, because, while she jointly with her husband occupied the homestead, the title was in the husband.

The main ground of the demurrer is that the plaintiff cannot recover because the damages which accrued to the husband in his life-time were entire, and were capable of being determined at the time the side track was laid. In other words, it is said, if the husband had commenced an action he would have recovered not only such damages as had then accrued, but all subsequent damages, because the railroad track was a permanent structure, and the damages were susceptible of immediate estimate. To sustain this view, reference is made to *Powers v. Council Bluffs*, 45 Iowa, 652. That was an action against the city for constructing a ditch along a public street in such a negligent manner that the plaintiff's property was injured, not from the original construction, but by reason of the action of the water in washing away the bottom and sides of the ditch along the plaintiff's lots. It was held that the damage was original, susceptible of immediate estimation, and was the difference between the value of the lots as they would have been if the ditch had been properly constructed and the value of them as they were, with the ditch as it was. It is said in that case: "While no infallible test can be applied to enable us to determine whether a structure is permanent or not, inasmuch as nothing is absolutely permanent, yet, when a structure is practically determined to be a permanent one, its permanency, if it is a nuisance and will necessarily result in damages, will make the damages original."

The broad distinction between that case and the case at bar is that the damages in the former necessarily resulted

from the construction of the ditch, without the interposition of any human agency, while in the latter the damages arise not so much from the laying of the side-track as by its continued and improper use by the defendant. It is averred in the petition that the use of said side-track for railroad purposes has shaken the walls of said house so as to render it useless, and by leaving cars standing upon the track in front of plaintiff's door for a day or two at a time, and by other annoyances connected with the operation of the road, the plaintiff is damaged. It is said in *Town of Troy v. Cheshire Railroad Co.*, 3 Porter (N. H.), 83, that: "Where the nuisance is of such character that its continuance is necessarily an injury, and where it is of a permanent character that will continue without change from any cause but human labor, then the damage is an original damage and may be at once fully compensated." The case at bar is in no proper sense within this rule. The damage is a continuing one, resulting largely from the daily operation of the road by running engines and cars over it, and allowing them to remain upon it. The nuisance, so far as is occasioned by operating the road, would be abated, not by human labor, but by ceasing to use human labor to the plaintiff's injury.

The general rule is that every continuance of a nuisance is a fresh one, and that successive actions may be maintained for damages so long as the nuisance is continued. This principle has been so often announced that a citation of cases seems scarcely necessary; a few will suffice. *Staples v. Spring*, 10 Mass., 72; *Holmes v. Wilson*, 10 Adolphus & Ellis, 503; *Blesh v. C. & N. W. R. R. Co.*, 43 Wis., 183; *Carl v. The Sheboygan & Fond du Lac R. Co.*, Sup. Ct. Wis., 1 N. W. Rep., 295.

Having found that the damage alleged in the petition is not original but continuing, and that successive actions may be maintained, so long as it is continued, it remains to be determined whether the plaintiff can maintain an action, she being the occupant of the property as her homestead. That

she cannot recover for any injury to the property which accrued during the life of the husband seems to us to be clear. But it appears equally clear that she may recover for such damage as she has sustained since the death of her husband. That the owner of a life estate, or even a lessee, may recover damages occasioned by a nuisance affecting the real estate held or occupied by him, can admit of no question. The plaintiff in this case has a homestead interest in the property. It may continue for life, depending upon the occupancy of it. If the enjoyment of her right is impaired or prevented by a wrong done, she may maintain an action. She cannot, of course, recover for an injury to the reversionary interest, but if the side-track was wrongfully laid, as alleged, she may compel its removal. Code, § 3331.

REVERSED.

SUPPLEMENTAL OPINION.

ADAMS, CH. J.—A petition for rehearing having been filed, we have re-examined the case in the light of it, but have reached the same conclusion as heretofore. It has seemed to us proper, however, in view of the importance of the principles involved, to set forth our views with somewhat greater fullness.

The plaintiff is in the use and enjoyment of the premises as a homestead. She complains that in 1873 the street upon which the premises abut was obstructed by a side-track which is still used and maintained by the defendant, and that by reason of the side-track and its use she has sustained special damages. The opinion holds that if the enjoyment of the plaintiff's right is impaired or prevented by a wrong doer, she may maintain an action.

The defendant in its petition for a rehearing insists that this is not so. In the first place, it is claimed that the foundation for such recovery is not laid in the petition. Our attention is called to the fact that the plaintiff makes a claim for damage done the building.

1. HOMESTEAD : damages to homestead interest : right to recover.

Now it is said that the title to the building does not appear to be in the plaintiff, and without title she cannot recover for such damage.

To this we have to say that, having a mere right of occupancy, she could not of course recover for any injury to the reversionary interest. But we think the petition shows an injury to her interest. It shows that the use of the side track . has so shaken the walls of the house as to render it almost worthless. If this is so, we think it sufficiently appears that her right has been impaired, although it may be but a mere right of occupancy. But the petition further avers that the use of the side track has rendered the building unfit for a dwelling, and that the plaintiff has suffered great annoyance and disturbance. This is certainly a sufficient allegation of injury to her interest.

It is insisted, however, that there may be debts against the estate of her husband for which the homestead can be made liable, and if so that it does not appear that the plaintiff has even a right of occupancy.

She has a right to occupy until her right has been divested. Her occupancy has been under such right, and her injury has not been less, by reason of the possibility that her right may be divested by the enforcement of claims against the estate.

But it is said that her injury, if she has sustained any, is not of such a character as to give her a right of action. The 2. RAILROADS: defendant's theory is that it had a right to lay its use of streets : nuisance. side track where it did, independent of any express authorization, and that a right of action could not accrue to the plaintiff from anything which the defendant had a right to do. If there was nothing more than a mere lack of authorization, it would appear from *Davis v. C. & N. W. R. Co.*, above cited, that under the statutes existing when this side track was laid the defendant would not be liable. But there was something more. The city council had provided by ordinance that the defendant should not lay its track within eight feet of the sidewalk. We think it was competent for

the city council to make this provision. It may be that the city council could not wholly prohibit the use of the street for a railroad, if the exigency of the case demanded it. *Milburn v. City of Cedar Rapids et al.*, 12 Iowa, 246; *City of Clinton v. Railroad Company*, above cited. But the use should be consistent with other proper uses. *Park v. C. & S. W. R. R. Co.* above cited. It is true the use of a street by a railroad company, to any extent, necessarily interferes somewhat with other proper uses. Precisely how far the use by a railroad company might properly be allowed to interfere with other proper uses cannot be determined in the abstract. The general public is interested in the railroad use as well as in other uses. In a given case, then, the exigency of the company must be considered, as well as the nature and character of the street. To adjust and balance the conflicting considerations calls for the exercise of a wise discretion. This discretion, we think, is vested in the city council.

Where it is exercised without abuse, as we presume it was in this case, the restriction imposed by the council must be respected. Any use of the street by the company in excess of the restriction is unlawful. It becomes a nuisance. Now any person sustaining special damage from such obstruction of a street as amounts to a nuisance can maintain an action for such damage, and that, too, without owning the fee of the street obstructed. *Ingram et al. v. Railroad Company*, 38 Iowa, 669.

But it is said that it is not shown that the use made constitutes a greater obstruction than the use allowed by the council.

Whether, if the damage is not greater, the plaintiff might not still recover, if the damage results from a prohibited use, we need not determine. The track was laid twelve feet nearer the plaintiff's house than the ordinance allowed, and she avers that she has suffered annoyance and disturbance from the proximity of the cars. That means, by any fair construction of the petition, that she has suffered damage

which she would not have suffered to the same extent if the proximity had been less.

The point more especially relied upon by the defendant is that the damages are not continuous, and as the track was laid before the plaintiff's right attached, and especially as it was laid more than five years before the commencement of the action, the action cannot be maintained.

3. ——: damager: continuing injury.

The ordinary rule is that where a person obstructs a street so as to cause a nuisance, and special damage to a person, the person injured can maintain an action only for damages sustained prior to the commencement of the action, the damages being regarded as continuous. *Hopkins v. Railroad Company*, 50 Cal., 190.

This is so for the very obvious reason that it is to be presumed that the obstruction will be removed, and with such presumption it would be unjust to allow a recovery for prospective damages. Now, there has never been a time since the track in question was laid when it was not subject to be removed if the city council had power to pass the ordinance, as we hold it had. Some nuisances are of such a character that they cannot be abated. *Powers v. Council Bluffs*, above cited. In that case nothing could be done except to arrest the action of the water by applying a remedy upon the plaintiff's premises. But the nuisance in question is not of that kind; all that is required is to move the track in question toward the center of the street or take it up.

It may be that the interest of the defendant, and the interest of the public through the defendant, is very greatly subserved by the use of the track where it is, and it may be that the city council would be justified in modifying its ordinance so as to allow it to remain. But we have nothing to do with that question. The laying of the track and the use of the track are prohibited by the ordinance as it stands. While so prohibited the track and use constitute a nuisance, and the nuisance being of such a character that it can be abated, it is

to be presumed that it will be. We are told, however, that a railroad structure, although consisting merely of a side-track, is to be deemed permanent and is to be so treated, even where it occupies a street or highway. In support of this view our attention is called to the *Town of Troy v. Cheshire Railroad Co.*, above cited. In that case a railroad built upon a highway was held to be a permanent structure and not subject to removal, and so the town which was charged with the maintenance of the highway was allowed to recover upon the theory that the railroad was not to be removed. Now it is said that the case at bar cannot be distinguished from that case.

It appears that in that case not only the road-bed of the railroad was built upon the highway, but a bridge in the highway was taken out and a railroad bridge built which was impassable by the public using the highway. In this conjuncture the question of course arose whether the railroad should yield to the highway or the highway to the railroad. The court say: "The railroad is, in its nature and design, and use, a permanent structure which cannot be assumed to be liable to change." The railroad could, of course, have been removed. It was permanent, then, only in the sense that it ought to be so considered. The reasoning through which the conclusion was reached is not very fully set out, but reasons which might lead to such conclusion are abundant. The highway bridge had been wholly destroyed and no removal of the railroad would have restored the bridge. The railroad was constructed for the public convenience, and, as might be presumed, where proper engineering demanded. The cost of providing such highway as was necessary for the diverted travel was doubtless much less than the cost of removing the railroad and the restoration of the original highway.

Whether a railroad structure which obstructs a highway or street should be deemed permanent, not being such in the nature of things, must depend upon the nature of each case. We see nothing in the case at bar to justify us in holding that

a railroad side-track, laid twelve feet further from the center of the street of a city than is allowed by ordinance, is of such a character that it ought to be deemed permanent and not subject to removal.

But it is said that if this view was correct in the outset it is not so now, because so much time has elapsed since the track was laid, it should for that reason be 'deemed permanent. In our opinion this position cannot be maintained. A right to continue a public nuisance cannot be acquired by prescription. *Pettis v. Johnson*, 56 Ind., 139.

It follows that the damages are not original but continuous. The maintenance of the track itself is, we think, a cause of damage, but the damage arises mostly from the continued use of the track, as held in the original opinion, all use, even though ordinary in its character, being improper.

In our opinion the petition for a rehearing must be overruled.