CITY OF AUGUSTA *vs.* OLIVER MOULTON.

Kennebec.    Opinion January 23, 1884.

*Pleadings.    Pleas puis darrein continuance.    Demurrer.    Repleader.*
R. S., c. 82, § 19.

When a plea purports to be an answer to the whole declaration and is found to answer only a part, it is bad in substance and on general demurrer.

Great certainty is required in pleas *puis darrein continuance* and it is a fatal defect if the day of the last continuance is not shown.

Where a plea *puis darrein continuance* is adjudged bad on demurrer, the court may, in the exercise of its discretionary power, award a repleader in furtherance of justice.

ON EXCEPTIONS.

The writ was dated November 13, 1878, and was returnable to the following December term of the superior court. The exceptions do not state when nor why the cause was removed to the Supreme Judicial Court, but do show that at the October term, 1882, of the last named court the defendant filed the plea given below, and the exceptions were to the rulings of the court in overruling a demurrer to that plea.

(Declaration.)

" In a plea of the case for that on the twenty-fifth day of September, A. D. 1866, there was and ever since that time has been and now is, a certain highway in said city known as the South Belfast road, leading from said Augusta to Belfast, which said road was legally established, and said city bound to keep the same in repair, so that it shall at all times be safe and convenient for travelers with their horses, teams and carriages; that said

city, on said day, and from thence hitherto were and now are, the lawful occupants of said road for all purposes of making and repairing the same, and no other person or persons (except the owners of the fee in said road) had or have any right or authority to enter upon (except for the purposes of travel) occupy or interfere with said road. That said city, ever since said day, have been and now are bound by law to keep the same safe and convenient for travelers with their horses, teams and carriages.

" That on the said twenty-fifth day of September, A. D. 1866, the defendant, not being the owner of the fee in said road and without right or color of right, unlawfully and wilfully erected, raised, and from that date to the date hereof, has maintained and now maintains two dams, one upon a certain stream called Worromontogus stream, and one upon what is called back run stream, east of the dam upon the Worromontogus, which said dams so erected, raised and maintained, raised the water in said streams to such a height that it overflowed said road and made the same unsafe and inconvenient for travel by reason of the water thereon, and has greatly damaged the same by washing out the gravel and dirt from said road, and rendering the same soft and muddy, by throwing up drift wood and rubbish on said road, and other damages to said road, which rendered the same at times impassable, wholly on account of said obstructions. That said city has been put to great expense in the repairing of said road, to wit, the sum of two hundred dollars yearly, since said twenty-fifth day of September, A. D. 1866, which said repairs were wholly on account of the flowing and damage caused by the defendant's said dams. That said city has been obliged to raise and have raised said road to protect it from said flowing and damage, and have been put to great expense in so doing, to wit, the sum of one thousand dollars."

(Plea.)

" And now the defendant in the above entitled action by his counsel comes and defends, &c. when &c., and says that the plaintiffs ought not further to maintain their said action against him,

because he says that on the twenty-fifth day of September, 1876, the plaintiffs sued out of the Supreme Judicial Court, in and for the county of Kennebec, a writ setting forth the same identical cause of action set forth in the present writ, and said former writ was duly served on the defendant and entered in said court at the October term thereof, 1876, and thence continued from term to term and the defendant appeared and filed his pleadings and an issue on the merits was thus made up, and the plaintiffs impleaded the defendant for the same identical cause of action declared on this writ, and after a trial by the jury and a verdict in favor of the defendant on said issue, the cause was carried to the law court by the plaintiffs on motion and exceptions and argued ; and after full and careful consideration by the law court, the motion and exceptions were overruled and since the last continuance of this action, to wit, on the thirty-first day of May, 1882, a certificate thereof was duly forwarded to the clerk of this court and final judgment on the verdict was entered of record in favor of the defendant and for his costs, as by the record thereof now remaining in said court more fully appears ; and the same judgment still remains in full force and not annulled or reversed ; and this the said defendant is ready to verify. Wherefore he prays judgment if the plaintiffs ought further to have and maintain their said action against him and for his costs."

*Winfield S. Choate,* city solicitor, for the plaintiff, cited : 5 Bacon's Abr.* 480,* 479 ; Gould's Pl. 126, 346, 347 ; *Jewett* v. *Jewett,* 58 Maine, 234 ; Stephen's Pl. 98, 215 ; *Wilson* v. *Hamilton,* 4 Serg. & R. 238 ; *McKeen* v. *Parker,* 51 Maine, 390 ; *Brownfield* v. *Braddee,* 9 Watts, (Pa.) 149 ; 5 Johns. R. 389 ; 7 Johns. R. 194 ; *LeBret* v. *Papillon,* 4 East. 502 ; *Andrews* v. *Hooper,* 13 Mass. 477 ; Howe's Pr. book II, c. IX, p. 432 ; Story's Pl. (ed. 1829) 53, and cases cited, 54 ; 2 Chitty's Pl. (16 ed.)* 571,* 690, and cases cited, *691 ; *Stilphen* v. *Stilphen,* 58 Maine, 517 ; *Lincoln* v. *Thrall,* 26 Vt. 304 ; *Osborne* v. *Rogers,* 1 Saund. 264 ; 6 Wait's Actions and Defences, 787 ; *Staple* v. *Spring,* 10 Mass. 73 ; *Secor* v. *Sturgis,* 16 N. Y. 548 ; *Rogers* v. *Ratcliff,* 3 Jones, (N. C.) 225 ; *Jones* v. *Peta-*

*luma*, 36 Cal. 230; 14 Petersdorf Abr. 89; 3 Bouv. Inst. 317; Yelv. 140; *Ross* v. *Nesbit*, 7 Ill. 252; *Vicary* v. *Moore*, 2 Watts, (Pa.) 451; *Rangely* v. *Webster*, 11 N. H. 299; *Cummings* v. *Smith*, 50 Maine, 568; *Weeks* v. *Peach*, 1 Ld. Raym. 679; *Prince* v. *Nicholson*, 5 Taunt. 333; Blackstone's Com. (Banks & Bro's ed.) 784 and cases cited; *Burley* v. *Burley*, 6 N. H. 204; *Webb* v. *Steele*, 13 N. H. 230; *Wisheart* v. *Legro*, 33 N. H. 177; *Morse* v. *Small*, 73 Maine, 565; Spaulding's Pr. 373, 374; *Adler* v. *Wise*, 4 Wis. 159; *Adams* v. *Filer*, 7 Wis. 306; *Lyon* v. *Marclay*, 1 Watts (Pa.), 271; *Price* v. *Sanderson*, 3 Harr, (N. J.) 426; *Kimball* v. *Huntington*, 10 Wend. 675; *Wallace* v. *M'Connell*, 13 Pet. 143; *Barber* v. *Palmer*, 1 Ld. Raym. 693; *Waldo* v. *Mitchell*, 24 N. H. 229; *Mayberry* v. *Brackett*, 72 Maine, 102; *Andrews* v. *Beecker*, 1 Johns. Ca. 411; *Seaman* v. *Haskins*, 2 Johns. Ca. 284; *Service* v. *Heermance*, 1 Johns. R. 91; *Furman* v. *Haskin*, 2 Cai. 369; *Miller* v. *Heath*, 7 Cow. 101; *Boltons* v. *Lawrence*, 7 Wend. 461; *Patten* v. *Harris*, 10 Wend. 623; *Cruger* v. *Cropsey*, 3 Johns. R. 242; *Rayner* v. *Dyett*, 2 Wend. 300; *Culver* v. *Barney*, 14 Wend. 161.

*Baker, Baker and Cornish*, for the defendant, cited: Stephen's Pl. 157, 158, 160; *Potter* v. *Titcomb*, 7 Maine, 302; R. S., c. 82, § 9; *Clifford* v. *Cony*, 1 Mass. 495; *Stilphen* v. *Stilphen*, 58 Maine, 518; *Neal* v. *Hanson*, 60 Maine, 84; *Mahan* v. *Sutherland*, 73 Maine, 158; Stat. Eliz. c. 5; Stat. 4 and 5 of Anne, c. 16; 1 Chitty Pl. *694, 695; 3 Chitty Pl. 1238-9; 2 Chitty Pl. *702.

BARROWS, J. To the plaintiffs' writ dated November 13, 1878, and alleging with due and proper detail and description the existence upon September 25, 1866, of a highway in their city which they were bound to keep in repair, and the unlawful erection and maintenance by the defendant from that date to the date of the writ, of certain dams which raised the water to such a height as to overflow and damage their road and render it at times impassable, and put them to a yearly expense of two hundred dollars for repairs, and an expense of one thousand dol-

lars for raising the road to protect it from such flowing — the
defendant, at the October term, 1882, interposed a plea against
the further maintenance of the action, because, he says, that the
plaintiffs on September 25, 1876, sued out a writ against him
" setting forth the same identical cause of action set forth in the
present writ," upon which he pleaded to the merits, had a ver-
dict in his favor, and since the last continuance of this action, to
wit, on the thirty-first day of May, 1882, he recovered final
judgment on the said verdict. To this plea the plaintiffs filed a
general demurrer which was overruled and the plaintiffs excepted
to the overruling of their demurrer, asking that they may be
allowed to replead in case this court should sustain the ruling at
*nisi prius.*

Their counsel now presents an elaborate argument in support
of his contention that this is a plea *puis darrein continuance* —
that all other defences are thereby waived, and if it is found bad
on demurrer, judgment must go peremptorily against the defend-
ant, leaving only a question of damages to be settled — and that
the plea is fatally defective in not giving the date of the last con-
tinuance, and also that it is bad because it does not show a
judgment that bars plaintiffs' recovery, for the reason that it sets
up a former judgment covering a part only of the plaintiffs' cause
of action, when that cause is a continuing and divisible one and
damages are alleged to have accrued since the date of the former
writ — in other words, that it is no answer to the claim here
alleged for damages accruing between September 25, 1876, (the
date of the writ upon which judgment has been rendered) and
November 28, 1878, the date of the writ in the present case, and
hence a bad plea, because no answer to the whole matter contained
in the declaration.

And defendant insists as strenuously upon the overruling of
the exceptions and a final judgment in his favor because he says
the omission of the date of the last continuance is a defect in
form only and cannot be taken advantage of on general demurrer ;
and as to the objection that the former judgment is no bar to the
whole of the plaintiffs' claim, it is not open to them, because
they have admitted, by demurring without first praying oyer of

the judgment relied on so as to make it part of their demurrer, that it is the identical cause of action set forth in the present suit as the plea asserts.

We do not think that the position taken by either of the parties can be sustained to its full extent, or that it can be said here that there does "sufficient matter appear in (these) pleadings upon which the court may give judgment according to the very right of the cause." There is enough in the plea itself to negative the assertion that the judgment in the former suit included the whole matter set forth as a cause of action in this.

It is simply impossible in the nature of things that the whole of the claim here set forth could have been embraced in a writ dated September 25, 1876. No admission of the identity of the causes of action which the plaintiffs could make by demurring can countervail the effect of a perusal of the declaration and the plea. There is no answer whatever in the plea to so much of the plaintiffs' claim in this suit as is alleged to have accrued since the date of the writ in the other case. It may be that no damage was suffered by the plaintiffs until since then. Purporting, as it does, to be an answer to the whole declaration, and being found to answer only a part, the plea is bad on demurrer. See *Osborne* v. *Rogers*, 1 Williams's Saunders, 264, and *Earl of Manchester* v. *Vale*, *I d.* 27, and the learned notes of Serjeant Williams on these cases, and the authorities therein cited. See also, *Staples* v. *Spring*, (York Co.) 10 Mass. 72. Moreover it is uniformly held that a plea *puis darrein continuance* is a waiver of all other pleas, and that if held bad on demurrer the defendant is liable to final judgment against him. *Jewett* v. *Jewett*, 58 Maine, 234, and authorities there cited; *Morse* v. *Small*, 73 Maine, 565. It is plain both upon principle and authority that the demurrer to the plea must be sustained. The plea is bad both in form and substance.

But we do not think it follows from this or from the authorities above cited that the court is bound in all cases to render final judgment against the defendant whose plea *puis darrein continuance* is found insufficient, or that all power is taken from the court to award a repleader upon lawful terms when justice seems

to require it. That the defendant is liable to such judgment when nothing appears in the case to show that injustice would thereby be done him, is all that is actually settled by the cases above cited from our own reports. The discretionary power of the court to award a repleader in proper cases is not called in question in them. In *McKeen* v. *Parker*, a hasty reading of which might tend to the opposite conclusion, the ruling in question, really, was that the defendant was entitled to replead as matter of right. The court had the whole case before them, and finding no such right in the defendant, and no application to or exercise of the discretionary power of the court, or any occasion for its interposition, they simply affirmed the general doctrine which unquestionably is that upon the failure of such a plea the defendant has no absolute legal right to replead. Hence judgment will be final unless the court sees cause to exercise its discretionary power to award a repleader in furtherance of justice. That is the extent of these and like decisions. But the whole course of legislation and decision has latterly been to extend the power of the court to enable parties to secure the determination of all causes upon their real merits unembarrassed by the technicalities of pleading.

It cannot be doubted that ample power is left in R. S., c. 82, § 19, to this court and to a judge at *nisi prius* after ruling on a demurrer and before exceptions allowed to permit the party found in fault to replead or amend upon payment of costs, when there is reason to believe that the former pleadings did not properly present the party's case.

Indeed this power may be said to be inherent and incidental, in all courts where it has not been cut off by statute provisions, like the power to take off a default at any time before final judgment when the default has been unwittingly made and it is shown that the defendant has a defence which seems worthy of consideration.

Nor is there anything more sacred and imperative in the duty of the court to render final judgment forthwith after sustaining or overruling a demurrer to a plea *puis darrein continuance*, than after passing upon a demurrer to any sole plea in bar.

We think the same rule should prevail as that which was laid down as applicable in the case of demurrers to pleas in bar in *Mayberry* v. *Brackett,* 72 Maine, 102.

The obligation depends in each instance upon the judgment of the court as to whether all has been heard that merits consideration — whether enough appears in the pleadings to satisfy them that they can, in the language of the statute of Anne, "give judgment thereupon according to the very right of the cause."

The defendant's plea, though not an answer to the whole of the plaintiffs' case, is a perfect defence *pro tanto,* and indicates with no slight force that the question as to the remainder may well be regarded as a debatable one.

We do not think the defendant ought to be precluded from such defence as he may be able to present on the merits to so much of the plaintiffs' claim as the plaintiffs are still at liberty to assert against him. Both parties may probably find it necessary to amend their pleadings in order to present precisely the true limits of their controversy as now defined. The defendant has liberty to replead upon payment of costs since the filing of the demurrer, and upon filing his new pleadings within the time required by the statute and rules of court.

> *Exceptions and demurrer sustained.*
> *Repleader awarded on payment*
> *of costs.*

DANFORTH, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.