ESLICH v. THE MASON CITY & FORT DODGE RAILWAY COMPANY.

1. **Pleading** : AMENDMENT : DISCRETION OF COURT. It is within the discretion of the court to allow a material amendment to be made in the pleadings at any time. ( Code, sec. 2689 ).

Eslich v. The Mason City & Ft. Dodge Ry. Co.

2. ———— : AMENDMENT TO PETITION : ADMISSION BY FAILURE TO ANSWER. An amendment to a petition setting up a material fact, which is not denied by answer, is regarded as admitted. (Code, sec. 2712).

3. **Evidence :** SECONDARY : ON POINT NOT IN ISSUE. The admission of secondary evidence to prove an allegation of the petition which is not denied, and therefore is admitted, cannot prejudice defendant.

4. **Railroad on Street :** INJURY TO ABUTTING PROPERTY : EVIDENCE : CONDITION OF TRACK. In an action by the owner of property abutting on a street, for damages on account of a railroad built along the street, witnesses who gave their opinion as to the depreciation of the value of the property on account of the building of the road were allowed to state that the road was so built and maintained that the tops of the rails were from eight to twelve inches above the surface of the street, which was at or near the established grade. *Held* that this testimony was competent for the purpose of showing one of the facts on which the witnesses based their opinion.

5. ———— : ———— : DAMAGES : ESTOPPEL. Where defendant built its road along the street of a town under an ordinance requiring it to conform its track to the established grade, and it construed the ordinance as authorizing it to so construct its road that the ties should rest on the surface of the grade, and thus throw the rails wholly above the surface, and built and maintained its road in that way, *held* that it was estopped from claiming, in an action for damages by an abutting lot-owner, that it might be compelled under the ordinance to reduce its rails to the surface of the grade, and that therefore the plaintiff's damages ought not to be estimated upon the present condition of the road.

6. ———— : ———— : EVIDENCE : FACTS ON WHICH OPINIONS OF WITNESSES ARE GROUNDED. One of defendant's witnesses, who was an insurance agent, gave his opinion as to the depreciation of plaintiff's property on account of the building of defendant's railroad along the adjacent street. On cross-examination he was permitted to testify that the annual premium for the insurance of the property would be two and one-half per cent. higher, and that he had not taken this into account in forming his opinion, but formed it upon the assumption that if the property was burned by fire set out by the road the defendant would be absolutely liable for the loss. *Held* that this evidence was properly admitted for the purpose of showing on what the witness had based his opinion.

*Appeal from Webster District Court.—*HON. S. M. WEAVER, Judge.

FILED, OCTOBER 10, 1888.

PLAINTIFFS own a tract of land in Lehigh, on which is situated a two-story building. The lower story is

used for business purposes, and the second story as a residence. Defendant constructed its railway in the street upon which the property abuts, and this action was brought for the recovery of damages for the injury to the property occasioned thereby. There was a verdict and judgment for plaintiffs. Defendant appeals.

*A. N. Botsford,* for appellant.

*Chase & Chase,* for appellees.

REED, J.—I. It was not alleged in the original petition that Lehigh is incorporated. During the progress of the trial plaintiff was permitted, over defendant's objection, to file an amendment alleging that the town is incorporated. No answer was filed to that amendment, and the court instructed that the incorporation of the town was admitted. These rulings are assigned as error. The statute under which the action was brought ( Code, sec. 464) affords a remedy to a property-owner for the injury to his property caused by the construction of a railway in the street on which it abuts, only when it is situated in an incorporated town or city. The allegation that the town was incorporated was therefore "material to the case," and, under section 2689, it was within the discretion of the court to permit it to be made by amendment at any time. The allegation was not denied by any pleading filed subsequent to the amendment. It is true, the answer to the original petition contains a general denial of all the allegations therein contained. But that did not put in issue the allegations of additional facts contained in the amendment subsequently filed. "Every material allegation in a pleading not controverted by a subsequent pleading shall, for the purposes of the action, be deemed true." Code, sec. 2712. The court, against defendant's objection, admitted parol evidence tending to prove that the town is incorporated. But, as

1. PLEADING: amendment: discretion of court.

2. ——: amendment to petition: admission by failure to answer.

**3. EVIDENCE: secondary: on point not in issue.** that fact was not in issue, no prejudice resulted from the admission of the evidence, conceding that it is incompetent.

II. Witnesses who gave their opinion as to the extent to which the value of the property was depreciated **4. RAILROAD on street: injury to abutting property: evidence: condition of track.** by the construction of the track in the street were permitted, against defendant's objection, to describe the condition in which it had been maintained. Their testimony tended to prove that, as constructed and maintained, the tops of the rails were from eight to ten or twelve inches above the natural surface of the street, which was shown to be at about the established grade. By the ordinance granting to defendant the right to use the street, it is required to conform its track to the established grade. The objection urged against the evidence is that defendant, if its track, as constructed and maintained, is an unreasonable obstruction of the street, may be compelled to change it; and that plaintiff is therefore not entitled to recover on the theory that it will always be maintained in its present condition. The evidence was not offered, however, for the purpose of establishing a substantive item of damage. The condition of the track was given simply as one of the facts taken into account by the witnesses in forming their opinion as to the extent of the depreciation in the value of the property. And for that purpose the evidence was competent. In determining defendant's rights under the ordinance, the question would arise **5. ——: ——: damages: estoppel.** whether it was required to conform the top of the track to the grade, or whether it was permitted to place the ties upon the surface of the grade, and thus throw the rails wholly above that surface. When it came to exercise the privilege conferred, it placed this latter construction upon the ordinance. It asserted, in effect, that the ordinance conferred upon it the right to so construct its track that the ties would rest on the surface of the grade, and it continues to act upon the theory that that is the proper construction. It will not be permitted, while making

that claim, to assert, as against one whose property is injured by it, that the right does not exist, or that it may not be permitted to enjoy it perpetually. This is not inconsistent with our holding in *Cain v. Chicago, R. I. & P. Ry. Co.*, 54 Iowa, 255. In that case the track was constructed in the street wholly without right or authority, and it was held that it could not be regarded as a permanent structure. But it was further held that, if the plaintiff had suffered any special damages on account of the existence of the nuisance caused thereby, he could recover therefor. The question here considered did not arise in the case.

III. The defendant introduced a witness, who gave it as his opinion that the depreciation in the value of the property caused by the construction of the track did not exceed five hundred dollars, which was less than the estimate given by plaintiffs' witnesses. The witness testified that he was an insurance agent. On cross-examination he was permitted, against defendant's objection, to testify that, owing to the increased risk caused by the proximity of the railroad, the annual premium for insurance would be two and one-half per cent. higher than it would have been if the track had not been constructed in the street. He also admitted that he had not taken this matter into account in forming his opinion as to the extent of the depreciation, but had formed his opinion on the assumption that defendant would be absolutely liable for the damage in case the building should be destroyed by fire set out in the operation of its road. The question to be determined was as to the extent of the depreciation of the value of the property. The evidence on that question necessarily consisted very largely of the opinions of the witnesses. In weighing those opinions, and determining their weight, it was important that the jury should know what facts and circumstances were taken into account by the witnesses in forming them. If it could be shown that any witness had, in forming his opinion, omitted or excluded any consideration which materially affected the question to which it related, the

value of his opinion, as evidence, would thereby be impaired. Now, while plaintiffs were not entitled to recover the increased cost of insurance on the property, and did not seek to recover therefor as an item of damage, it is plain that the market value of the property might be materially lessened by reason of it. Prudent business men, as a rule, insure their property; and property which, owing to its location or surroundings, is not insurable, is necessarily of less value than it would be if insurable, and the cost of insurance is a matter which always affects its value. The facts elicited by the cross-examination, then, were competent for the purpose for which they were elicited, viz., for testing the value of the opinion expressed by the witness in his examination in chief. We find no error in the record, and the judgment will be          AFFIRMED.