NORTH ARKANSAS & WESTERN RAILWAY COMPANY *v.* COLE.

Opinion delivered October 25, 1902.

1. JUROR—DISQUALIFICATION.—A juror is not disqualified by reason of the fact that a sister of his wife married a son of defendant, as there is no affinity between the blood relations of a husband and the blood relations of his wife. (Page 40.)

2. DAMAGES—EVIDENCE.—Where, in a proceeding by railway company to condemn a right of way, defendants contended that the proximity of the railroad to their barn would lessen its value by reason of increased exposure to fire, it was competent for plaintiff to show, as affecting the value of the barn, that such exposure was not sufficient to increase the rates of insurance on the barn. (Page 40.)

3. INSTRUCTION—ASSUMPTION OF DISPUTED FACTS.—It is error for the court to assume facts in dispute as proved. (Page 43.)

4. CHARGE OF COURT—MODE OF PREPARATION.—A charge to the jury should commence by a statement of the nature of the case, and of the questions at issue, followed by such declarations of law as may be applicable to the facts and necessary to the guidance of the jury, each paragraph being a part of a systematic whole.

so that the complete charge may be a clear and accurate presentation of the issues and the law of the case. (Page 43.)

Appeal from Washington Circuit Court.

James M. Pittman, Judge.

Reversed.

### STATEMENT BY THE COURT.

Action by North Arkansas & Western Railway Company to condemn a right of way across land owned by John and May Cole, and to have the damages caused by the taking of the right of way and the construction of the railroad assessed. On the trial the jury assessed the damages at the sum of $1,976. The court gave judgment for that sum, and the company appealed.

*Stuckey & Williams* and *E. S. McDaniel,* for appellant.

It was error to allow a juror to sit who had married the sister of the daughter-in-law of one of the parties. Sand. & H. Dig., § 4256. Cf. 12 Ark. 657; Const. Ark. art. 7, § 20; Sand. & H. Dig., § 1302; 1 Hill, 654. It was error to refuse to allow appellant to prove the effect of the railroad upon the rate of insurance on the property in question. 33. N. W. 704; 2 L. R. A., 217; Mills, Em. Dom. § 497; 3 Ell. Rys. § 996. The court erred in giving the tenth instruction prayed by appellees. 66 Ark. 506; Const. Ark. art. 7, § 23; 37 Ark. 251; 58 Ark. 108. It was error to refuse to instruct the jury that appellees were required to cut ditches or use other reasonable efforts to minimize their damage. 1 Suth. Dam. 148; 6 Am. St. Rep. 356; 38 Ark. 357; 66 Ark. 271.

*Walker, Walker & Walker,* for appellees.

By relation by affinity is meant that which exists by marriage between one spouse and the blood relations of the other. 1 Bl. Com. 434; 2 Barb. Ch. 333; 45 N. Y. Sup. Ct. 84; 47 La. 248; 43 Am. Rep. 290; Peck (Tenn.), 374; Black, Law Dict.; Rap. & Law. L. Dict. No relationship by affinity existed in this case. 17 Am. & Eng. Enc. Law, 1125; 38 Me. 44; 4 Watts (Pa.), 218; 140 Mass. 425; 52 Tex. 481; 43 Am. Rep. 290; Bac. Abr. "Marriage, A"; Bouv. L. Dict.; Enc. Brit.; Just. Inst. 1, 10, 6; Taylor, Civ. Law, 339; 1 Bish. M. & D. § 314; 1 Bl. Comm. 435; 47 O. St. 575. There was no error in excluding evidence as to

insurance rates. 43 N. W. 285. There was no error in the court's refusal to give the instruction asked as to duty of appellees. 41 Ark. 202; 98 U. S. 403; 51 Ark. 354.

Riddick, J., (after stating the facts). This is an appeal by a railway company from a judgment for damages for a right of way across a farm of 250 acres. It is not denied that the company had the right to condemn or that there is evidence to sustain the judgment, but the company saved exceptions to certain rulings of the presiding judge at the trial, and seeks a reversal of the judgment on the ground that these rulings were erroneous and prejudicial.

The first contention is that the court erred in not sustaining the objections of the company to juror Moulden. The half sister of Moulden's wife married a son of the defendants, John and May Cole, and counsel say that Moulden was thus related by affinity to the defendants, and for that reason was disqualified to serve as a juror.

The case of *Kelley* v. *Neely*, 12 Ark. 657, comes nearest to being an authority in favor of the contention of plaintiff, for it was held in that case that relationship by affinity existed between a husband and a spouse of a blood relation to his wife; but even that case falls short of showing that this juror was related to the defendants by affinity, for neither of the defendants were married to a blood relation of the juror's wife. Affinity is the tie which arises from marriage between the husband and the blood relations of the wife, and between the wife and the blood relations of the husband. There is no affinity between the blood relations of the husband and the blood relations of the wife. The defendants, John and May Cole, were related by affinity to the wife of their son, but they were not related by affinity to her blood relations; much less were they thus related to the juror Moulden, who was only a husband of one of the blood relations. 1 Am. & Eng. Enc. Law (2d. Ed.), 912; 17 Am. & Eng. Enc. Law (2d Ed.), 1125, and cases cited.

It is clear that no such relationship was shown between the juror and the defendants as to disqualify him as a matter of law, though the court could, in the exercise of its discretion, have excluded him from the jury on that ground.

The next contention of the railroad company is that the court erred in rejecting evidence offered by it at the trial.

The defendants had on their farm, across which the railroad seeks to condemn a right of way, a valuable barn, in which they were accustomed to store the hay raised on the farm, and where they also kept horses and other live stock.  The track of the railroad across the farm passed in about 105 feet of this barn, and defendants contended that the value of  the barn was lessened by reason of increased risk arising from the exposure of this barn to fire from passing trains.  To meet this phase of the case, the company offered evidence to show that the distance of the railroad from the barn was so great that it would not affect the rate of insurance upon the barn.   It offered to prove by a 'fire insurance agent, who was agent for a number of fire insurance companies doing business in this state, and who was familiar with the business, that, as the barn was situated more than one hundred feet from the railroad track, the rate of insurance thereon would not be affected by the construction of the road.   The defendants objected to this evidence, and the court excluded it.   The company now contends that this ruling was erroneous and prejudicial to its rights.   There is some conflict in the decisions of the courts of the different states on the admissibility of such evidence.   The ruling of the presiding judge is supported by a decision of the supreme court of Iowa in the case of *Pingery* v. *Railway Co.* 78 Iowa, 438, in which it is held that rates of fire insurance have no bearing on the issues of a case of this kind, and that evidence of the kind offered here should be excluded.   But in an earlier case the learned judges of the same court, in discussing a similar question, said: "While plaintiffs were not entitled to recover the increased cost of insurance on the property, and did not seek to recover therefor as an item of damages, it is plain that the market value of the property might be materially lessened by reason of it.   Prudent business men, as a rule, insure their property; and property which, owing to its location or surroundings, is not insurable is necessarily of less value than it would be if insurable, and the cost of insurance is a matter which always affect its value." *Eslich* v. *Railway Co.*, 75 Iowa, 443, 39 N. W. 700.

Following this line of reasoning, the courts of several of the states have held that the landowner may show, and the jury consider, as an element more or less affecting the market value of the land, the fact that the rates of fire insurance are increased by the proximity of the railroad.  *Cedar Rapids, I. F. & N. W. Ry. Co.* v. *Raymond,* 37 Minn. 204, 33 N. W. 704.

Now, if it be true that the landowner may show the increased cost of insurance as a matter bearing on the question of damages, why may not the railroad company, when the landowner claims damages by reason of increased exposure to fire, show to the jury, as a matter bearing on that question, the fact that the rates of insurance will not be affected by the construction of the road? It is to be remembered, of course, that compensation is not given for increased exposure to fire, nor for increased insurance rates, nor for probable losses by fire in the future, but simply for depreciation in value of the property by reason of the increased danger from fire. Any fact resulting from the construction of the railroad, and bearing directly on the market value of the property, where not forbidden by the policy of the law, may be considered by the jury in deciding the effect of the construction of the road upon the market value of the property. Among other things, they have the right to consider the increased exposure to fire, if proved; and we see no reason why they should not be permitted to consider the effect of this exposure on the rates of insurance for the property. Whether or not the rates of insurance were increased is a matter about which most purchasers would wish to be informed, and would seem to be a fact tending more or less to affect the market value of the property. But counsel for defendants say on this point that the defendant was not bound to insure his property, and that the jury were not required to assess damages on the basis that the defendants would keep their property insured. This is no doubt true. We admit that it was entirely immaterial whether the defendants desired or intended to carry insurance on their property; for, as before stated, the question for the jury was not how much additional insurance the defendants would be required to pay in the future by reason of the building of the road, but to what extent did the construction of the road reduce the market value of the property; and they looked to the increased exposure to fire and the effect of this upon the insurance rates simply as circumstances throwing more or less light on the question as to how much the building of the road affected the market value of the property.

Now, the defendant contends that the market value of the property was reduced by reason of increased exposure to fire. To meet this, the company seeks to show that this exposure was not sufficient to cause any increase in the rates of insurance. After considering the arguments of counsel on this point, it seems to us

that the fact that the exposure to fire from the railroad was not sufficient to increase the rates of insurance on the property was competent evidence for the jury to consider in determining the effect of the raliroad on the market value of the property. It may be that the jury would have attached very little weight to such evidence; but it was a matter for them to consider, and we are unable to say what effect the exclusion of it had upon the verdict. Having concluded that it was evidence which the company had the right to introduce, it follows that in our opinion the court erred in rejecting it, and the contention of the appellant on this point must be sustained.

The charge of the presiding judge to the jury was, on the whole, substantially correct; but in one portion of it, to which attention has been called, he seems to assume as undisputed facts that the construction of the road subjected the land to overflow and the buildings to increased exposure to fire. This defect in the instruction was no doubt the result of oversight, and can be corrected on another trial, and we need not consider it further.

But while, as before stated, the charge of the court is substantially correct, yet it has the formal defect which we frequently observe here in instructions to juries, and to which this court has often called attention. *Davis* v. *Railway Co.,* 53 Ark. 117; *White* v. *McCracken,* 60 Ark. 613; *Pacific Ins. Co.* v. *Walker,* 67 Ark. 147.

The charge to the jury in this case is made up altogether of requests for instructions presented by the parties, and for this reason seems more like the *disjecta membra* of a charge than what a complete and accurate charge should be. These scattered requests might with some changes be welded into a satisfactory charge, but as they stand they are not a good model for a charge to a jury.

As one important purpose of the charge is to inform the jury of the issues which they are to determine, it would seem that, as a rule, it should commence by a statement to the jury of the nature of the case and of the question or questions which they are called upon to decide. After the issues have been plainly stated to the jury, then should follow such declarations of law as may be applicable to the facts of the case and necessary to the proper guidance of the jury. In framing this part of the charge, use can be made of such requests to charge as clearly present the law of the case to the

jury. While the charge is thus usually and properly subdivided into different paragraphs or instructions, the aim of the judge should be to make each of these instructions a part of a systematic whole, so that the complete charge may be a clear and accurate presentation of the issues and the law of the case to the jury. But it is seldom that a systematic or satisfactory presentation of the case to the jury can be made where the charge is composed entirely of requests to charge given to the jury in exactly the order and form in which they are presented by counsel for the different parties. While this is not a ground for reversal, it is of sufficient importance for us to again call attention to it; for, though it is a very common defect, it is one which could easily be avoided.

For the error indicated in rejecting evidence offered by the plaintiff, the judgment is reversed, and a new trial ordered.