James C. MITCHELL *v.* Robert GOODALL

88-223                                    761 S.W.2d 919

Supreme Court of Arkansas
Opinion delivered December 12, 1988

*Robert E. Irwin,* for appellant.

*Joe Cambiano,* for appellee.

DAVID NEWBERN, Justice. This is a breach of contract case. The appellee, Robert Goodall, alleged that the appellant, James C. Mitchell, orally agreed that Goodall could run cattle on Mitchell's land indefinitely in exchange for improvements to be made on the land by Goodall. There was no written lease, but Mitchell testified Goodall was to have the land for three years. Goodall was in the process of being divorced. Goodall contended

that Mitchell had maliciously instigated the sale of Goodall's cattle, ostensibly under the authority of the divorce court, just to get his land back after Goodall had made substantial improvements on the land and had used it less than a year. The jury awarded damages based on testimony about the cost of improvements made by Goodall on Mitchell's land as well as punitive damages. We affirm the judgment in favor of Goodall.

■ Mitchell's first and second points of appeal are as follows: "There is No Substantial Evidence to Support the Claim that Appellant Sold Appellee's Cattle;" and "Appellee's Divorce Caused His Cattle Operation to Fold." At the close of Goodall's evidence, Mitchell moved for a directed verdict with respect to Goodall's punitive damages claim for lack of substantial evidence and on the ground that it was brought more than a year after the events alleged and was thus barred by a statute of limitations applicable to intentional torts. He did not cite any particular statute of limitations. The motion was renewed only on the statute of limitations ground at the end of all the evidence. No reference was made to insufficiency of evidence on the breach of contract claim either in the motion at the close of the plaintiff's case or at the close of all the evidence. We do not consider arguments made for the first time on appeal. *Hooper-Bond Ltd. Partnership Fund III* v. *Ragar*, 294 Ark. 373, 742 S.W.2d 947 (1988); *Polnac-Hartman & Associates* v. *First National Bank*, 292 Ark. 501, 731 S.W.2d 202 (1987); *Puckett* v. *Puckett*, 289 Ark. 67, 709 S.W.2d 82 (1986).

Mitchell's third point is that his motion to set aside the verdict should have been granted because a juror improperly failed to reveal a disqualifying relationship to Goodall. The jury panel was asked by the court if any of them were related by blood or marriage or had any business or social relationships with Goodall. Juror Hern said her ex-husband and Goodall were cousins and that she knew Goodall but had not recently associated with him.

■ Mitchell's motion alleged that Hern's sister was married to Goodall's brother. He argues that Hern was not a qualified juror according to the applicable statute. Arkansas Code Ann. § 16-31-102(b)(1) disqualifies a person from service as a petit juror if she "[i]s related to any party or attorney in the cause within the

fourth degree of consanguinity or affinity." Obviously there was no blood relationship between Hern and Goodall, thus if she was disqualified it had to be on the basis of affinity.

■ In *North Arkansas & Western Ry. Co.* v. *Cole*, 71 Ark. 38, 70 S.W. 312 (1902), we defined "affinity" as "the tie which arises from marriage between the husband and the blood relations of the wife, and between the wife and the blood relations of the husband." We held, "[t]here is no affinity between the blood relations of the husband and the blood relations of the wife." This definition and holding have been followed in later cases. *McDaniel* v. *State*, 228 Ark. 1122, 313 S.W.2d 77 (1959); *Thornsberry* v. *State*, 192 Ark. 435, 92 S.W.2d 203 (1936). Thus, while Hern's sister may have been related to Goodall by affinity, Hern was not. The motion to set aside the judgment was properly denied.

Mitchell's final point for reversal is that a directed verdict should have been granted with respect to the punitive damages claim. He argues that the evidence showed that Mitchell was acting only to protect the interest of the bank, of which he was chairman, as mortgagee of Goodall's cattle. He also notes, again for the first time on appeal, that punitive damages are not normally granted in breach of contract cases.

■■ By not raising it at the end of the evidence, Mitchell abandoned his argument that the evidence was insufficient to support punitive damages. Arkansas R. Civ. P. 50(a) permits a motion for directed verdict at the end of the plaintiff's evidence and at the close of all evidence and requires that specific grounds be stated. Rule 50(e) provides that "failure to move for a directed verdict at the conclusion of all the evidence, or to move for judgment notwithstanding the verdict, because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support a jury verdict." Here there was no motion for judgment notwithstanding the verdict, and the motion for directed verdict at the close of the evidence did not mention insufficiency of the evidence on punitive damages. The argument was waived. *See Copelin* v. *Cortner*, 291 Ark. 218, 724 S.W.2d 146 (1987).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I cannot go along with the majority opinion on the matter of punitive damages. Not only did appellant preserve the record for appeal, there is clearly no evidence of malice or any other act which supports the award of punitive damages.

The majority recite A.R.C.P. Rule 50 but then disregard it. The rule clearly states that failure to move for a directed verdict "at the conclusion of all the evidence, *or to move for judgment notwithstanding the verdict*" constitutes waiver of a challenge to the sufficiency of the evidence. In my opinion the motion made by counsel for the appellant at the close of all the evidence was broad enough to include the question of the sufficiency of the evidence when it stated that "the complaint on its face shows that it was more than one year before suit was filed." Additionally, the appellant made a motion to set aside the verdict which is exactly the same as a motion for judgment notwithstanding the verdict. In either case we should reach the merits of this argument.