HIGGS *v.* HIGGS.

5-1186                                    299 S. W. 2d 837

Opinion delivered March 18, 1957.

*House, Moses & Holmes,* for appellant.

*Gladys Neal Brandon* and *Ivan H. Smith,* for appellee.

SAM ROBINSON, Associate Justice.   This action was filed in the chancery court by appellee to compel appellant, the alleged father of an illegitimate child, to support such child.   This appeal is from the chancellor's order requiring the father to support the child.   Appellant, the alleged father, contends that this is a matter relating to bastardy, and that Article 7, Section 28, of the Constitution of Arkansas gives the county court exclusive, original jurisdiction in such matters.   Appellee contends that since appellant has acknowledged that he is the father the chancery court has jurisdiction to compel him to support the child.   To sustain this contention, appellee relies on Acts 231, 242 and 294 of 1953.

Act 231 of 1953 makes it the duty of the prosecuting attorney, deputy prosecuting attorney, justice of the peace, or city attorney, to take action in a court of competent jurisdiction against the father of a legitimate or illegitimate child who fails to provide maintenance for such child.   This statute does not provide that a bastardy proceeding may be instituted in any court other than one

of competent jurisdiction. Act 242 of 1953 is basically a criminal law, but parts of the act apply to proceedings which appear to be civil in nature. But the act does not give the chancery court jurisdiction of any matter dealt with by the act, therefore we need not at this time pass on the validity of the act with regard to whether it is in conflict with the Constitution. Act 294 is clearly a criminal statute and does not apply to the kind of proceeding involved in the case at bar.

Article 7, Section 28, of the Constitution provides: "The county courts shall have exclusive original jurisdiction in all matters relating to . . . bastardy . . ." The subject of bastardy is dealt with in detail in Title 34, Chapter 7 of Arkansas Statutes, found in Volume 3. The statutes provide that the county court has jurisdiction in bastardy proceedings. The statutes also provide for an appeal to the circuit court and a trial *de novo* in that court. Apparently, everything that may arise in connection with a case of that kind is mentioned in detail.

The action in the case at bar is to compel an alleged father of an illegitimate child to support such child. If this is a bastardy proceeding, then original jurisdiction is in the county court and not in the chancery court, according to Article 7, Section 28, of the Constitution. This brings us to a consideration of the meaning of the word *bastardy* used in the Constitution. *Ballentine's Law Dictionary*, page 142, defines a bastardy proceeding as "a proceeding of a civil nature to compel a bastard's father to support him." And, that is exactly the kind of proceeding involved in the case at bar. "The common law affords no remedy to compel a putative father to contribute to the support of his illegitimate offspring. Statutes now exist in most jurisdictions, however, providing for judicial proceedings, usually called filiation or bastardy proceedings, to establish the paternity of a bastard child and to compel the father to contribute to its support." 7 American Jurisprudence 679.

574

In *Epperson* v. *Sharp*, 222 Ark. 456, 261 S. W. 2d 267, the mother instituted proceedings in the county court to compel the alleged father of her bastard child to contribute to the support of the child. In that case, this court said: "This is a bastardy proceeding." Perhaps the reason for placing jurisdiction in bastardy matters in the county court no longer exists, but, nevertheless, the Constitution has not been changed, and the county court still has exclusive, original jurisdiction in such matters. The case at bar is clearly a bastardy proceeding, hence the chancery court does not have jurisdiction.

Reversed.