## Deborah Fay RAPP *v.* Bernice L. KIZER

76-136                                   543 S.W. 2d 458

Opinion delivered November 15, 1976
(In Banc)
[Rehearing denied December 20, 1976.]

*Douglas N. Parker,* for petitioner.

*William Crane Smith, Jr.,* for respondent.

CONLEY BYRD, Justice. By this proceeding, Petitioner Deborah Fay Rapp, the mother of an illegitimate child, questions the jurisdiction of Respondent, Bernice L. Kizer, Chancellor of the Sebastian County Chancery Court, to entertain a petition by the putative father of the illegitimate child to obtain visitation rights and to fix an amount of support which he should pay for support of said child.

The complaint filed by the putative father shows that prior to the rendition of a divorce on October 30, 1973, he and the petitioner were husband and wife. Subsequent to the rendition of the divorce decree the putative father and petitioner cohabited together and as a result of that cohabitation an illegitimate child was born to the petitioner on September 12, 1974. Paragraph #3 of the complaint alleged that petitioner has acknowledged the putative father in

writing. The last paragraph of the complaint alleges:

"The Plaintiff, Fred Eugene Rapp, acknowledges the paternity of said child, acknowledges that he is the father of said child and requests that the Court vest the Plaintiff with visitation of said child, requests that the Court vest the Plaintiff with custody of said child and in the alternative, should custody be denied, Plaintiff affirmatively states that he is willing and able to pay child support as ordered by the Court commensurate the Child Family Support Chart as utilized by this Court."

As can be seen from the complaint, the only issues before the respondent were the rights between the mother and the putative father to an illegitimate child. In that situation we must consult Art. 7, § 28 of the Constitution of Arkansas which provides: "The county courts shall have exclusive original jurisdiction in all matters relating to . . . bastardy. . . ."

Webster's New International Dictionary, 2nd Edition, defines bastardy as:

"1. State or quality of being a bastard; illegitimacy.

2. The procreation of a bastard child."

The term "relating to" has generally been defined as meaning "in respect to; in reference to; in regard to," *Snowden v. Kittitas County School Dist. No. 401,* 38 Wash. 2d 691, 231 P. 2d 621 (1951). Can it be said that the action instituted in the chancery court by the putative father is not a "matter relating to . . . bastardy?" To ask the question is but to answer the question for the issues presented for determination obviously flow from and are involved only with the procreation of a bastard or illegitimate child.

The respondent to support the jurisdiction assumed relies upon:

1. The fact that paternity is admitted and not a disputed fact;

2. The definition of bastardy proceedings set out in *Higgs* v. *Higgs*, 227 Ark. 572, 299 S.W. 2d 837 (1957); and

3. The rights of parents in general to children born to a marriage as set out in *Kirby* v. *Kirby*, 189 Ark. 937, 75 S.W. 2d 817 (1934).

The fact that paternity is admitted does not give the chancery court jurisdiction, *Higgs* v. *Higgs, supra.* Our Constitution, Art. 7, § 28, *supra*, does not limit the original jurisdiction of the county court to "bastardy proceedings" but specifically gives the county court "exclusive original jurisdiction in all matters relating to . . . bastardy . . . ." Furthermore, the custody rights between a father and a mother to children born in wedlock are far different from the custody rights between the putative father and the mother of an illegitimate child. See *Lipsey* v. *Battle*, 80 Ark. 287, 97 S.W. 49 (1906).

Having determined that the action filed by the putative father was one involving only "matters relating to . . . bastardy," it follows that the chancery court was without jurisdiction. As pointed out in *Higgs* v. *Higgs, supra,* the reason for placing jurisdiction of bastardy matters in the county court may no longer exist but, nevertheless, the Constitution has not been changed and the county court still has exclusive original jurisdiction in such matters.

Writ granted.

We agree. HARRIS, C.J., and HOLT and ROY, JJ.