Charles STAIN *v.* Linda STAIN

85-62                          689 S.W.2d 566

Supreme Court of Arkansas
Opinion delivered May 28, 1985

*David J. Manley*, Legal Services of Arkansas, for appellant.

*Judith C. Lansky*, UALR Law School Legal Clinic, for appellee.

JACK HOLT, JR., Chief Justice. This appeal challenges the validity of a child support order in which the chancellor found the appellant to be the father of a child born to the appellee prior to the parties' marriage. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(a) as we are being asked to interpret the Arkansas Constitution.

The child, Brian Christopher Wheeler, was born July 24, 1981. Appellant and appellee, the child's mother, were married November 21, 1981. In September, 1982, appellee sued and appellant countersued for divorce. In her complaint for divorce, the appellee alleged that the appellant was Brian's father and requested child support. The appellant initially denied that he was Brian's father but later admitted paternity and challenged the chancellor's jurisdiction to decide a paternity issue. The chancellor granted the appellee a divorce, and in a separate proceeding held that he had jurisdiction, found the appellant to be the father of Brian and ordered the appellant to pay $12.50 per week as child support. It is from the finding of paternity that this appeal is brought. We reverse.

■ Article 7, § 28, of the Arkansas Constitution provides:

County courts — Jurisdiction — Single Judge holding court. — The county courts shall have *exclusive original* jurisdiction in all matters relating to . . . *bastardy*, . . . (emphasis added).

We were confronted with similar situations in *Higgs* v. *Higgs*, 227 Ark. 572, 299 S.W.2d 837 (1957) and in *Rapp* v. *Kizer, Chancellor*, 260 Ark. 656, 543 S.W.2d 458 (1976), and in both instances found the county court had exclusive jurisdiction of a matter relating to bastardy pursuant to the constitution.

■ In *Higgs* an action was filed in chancery court to compel

the alleged father of an illegitimate child to support the child. The father contended that the county court had exclusive jurisdiction of such a proceeding. This court defined a bastardy proceeding as "a proceeding of a civil nature to compel a bastard's father to support him," and found that to be exactly the kind of proceeding involved in the case under consideration. The court stated:

> "The common law affords no remedy to compel a putative father to contribute to the support of his illegitimate offspring. Statutes now exist in most jurisdictions, however, providing for judicial proceedings, usually called filiation or bastardy proceedings, to establish the paternity of a bastard child and to compel the father to contribute to its support." 7 American Jurisprudence 679. . . . Perhaps the reason for placing jurisdiction in bastardy matters in the county court no longer exists, but nevertheless, the Constitution has not been changed, and the county court still has exclusive, original jurisdiction in such matters.

In *Rapp* it was the putative father who filed a petition in chancery court in which he sought visitation rights and a determination of child support. The child's mother questioned the chancellor's jurisdiction to entertain the petition. This court quoted art. 7, § 28 of the constitution and held:

> Webster's New International Dictionary, 2nd Edition, defines bastardy as:

> "1. State or quality of being a bastard; illegitimacy.

> 2. The procreation of a bastard child."

> The term "relating to" has generally been defined as meaning "in respect to; in reference to; in regard to," . . . Can it be said that the action instituted in the chancery court by the putative father is not a "matter relating to . . . bastardy?" To ask the question is but to answer the question for the issues presented for determination obviously flow from and are involved only with the procreation of a bastard or illegitimate child. . . .

> Our Constitution . . . does not limit the original jurisdiction of the county court to "bastardy proceedings" but specifically gives the county court "exclusive original jurisdiction in all matters relating to . . . bastardy . . ."

It cannot be disputed that under the rationale of these cases the instant case also involved a matter relating to bastardy.

As we noted in *Higgs* and *Rapp* we are restrained by the provisions of the constitution even though the reason for placing jurisdiction in the county court no longer exists. Until and unless that document is changed, we have to live within its confines. The constitution vests original and exclusive jurisdiction of cases such as these in the county courts. Accordingly, the chancellor erred by taking jurisdiction of the paternity issue.

Reversed.