Alexander JARMON *v.* Velma BROWN

85-143                                               692 S.W.2d 618

Supreme Court of Arkansas
Opinion delivered July 15, 1985

*Drew & Mazzanti*, by: *Jerry E. Mazzanti*, for appellant.

*James W. Haddock*, for appellee.

JOHN I. PURTLE, Justice. The Court of Appeals certified this case to us pursuant to Rule 29 (4) (b) of the Rules of the Supreme Court, as an issue of significant public interest is presented. The issue presented concerns the jurisdiction of county courts and chancery courts in bastardy cases. We hold that the county court has exclusive original jurisdiction in such cases. We reverse because the chancery court did not have jurisdiction to issue the order appealed from herein.

The appellant is the father of a child born out of wedlock on

September 20, 1974. The natural mother died in 1981, and her relatives have maintained custody of the child. Appellant commenced an action in the Chicot Chancery Court, seeking custody of his child, which was contested by the maternal relatives. Subsequently appellant commenced proceedings in the county court which culminated in the county court issuing an order determining appellant to be the father of the child and that he was a fit and proper person to have custody of his child. Custody was granted to the father. On the same day appellee obtained an ex parte order from the chancellor enjoining any party from removing the child from the county pending a full hearing in the chancery court. The case was tried on September 10, 1984, and Velma Brown was granted custody nine months of each year and the father three months. The appeal is from this order.

The question before us is whether the county court had exclusive jurisdiction in this case and we hold that it did.

▆▆ Article 7, § 28 of the Constitution of Arkansas states: "The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy. . . ." The General Assembly dealt with this issue in 1981 by passing Act 665 which is codified in Title 34, Chapter 7 (bastardy) at Ark. Stat. Ann. § 34-718 (Supp. 1983) which reads as follows:

> (a) A father, provided he has established paternity in a court of competent jurisdiction, or a mother of an illegitimate child, may petition the county court wherein the child resides for custody of the child.
>
> (b) The court may award custody to the petitioner upon a showing that:
> (1) The petitioner is a fit parent to raise the child; and
>
> (2) The petitioner has assumed his or her responsibilities toward the child by providing care, supervision, protection and financial support for the child; and
>
> (3) It is in the best interest of the child to award custody to the petitioner.

The county court order tracked the above statute exactly.

▆▆ We have previously decided an issue almost directly in

point. In *Rapp* v. *Kizer*, 260 Ark. 656, 543 S.W.2d 458 (1976) we held that chancery courts did not have jurisdiction to set visitation rights and support payments for an illegitimate child. We clearly stated such matters were to be adjudicated in the county courts even though paternity be admitted.

We recently considered this same jurisdictional problem in the case of *Stain* v. *Stain*, 286 Ark. 140, 689 S.W.2d 566 (1985) and restated our holding in *Rapp*. In *Stain* we held that in divorce cases paternity of an illegitimate child, born to the parties to the divorce out of wedlock, was a matter for the county court and chancery did not have jurisdiction.

The custody order by the chancellor court was without jurisdiction and is void.

Reversed and dismissed.

GEORGE ROSE SMITH and DUDLEY, JJ., not participating.

HAYS and NEWBERN, JJ., concur.

DAVID NEWBERN, Justice, concurring. There is no way we can avoid the controlling precedent of *Rapp* v. *Kizer*, 260 Ark. 656, 543 S.W.2d 458 (1976), thus I concur in the opinion of the majority.

*Rapp* v. *Kizer* could have been decided on a much more limited, and to me preferable, basis. The granting to the county court of exclusive jurisdiction in matters relating to bastardy, Ark. Const. Art. 7, § 28, did not require custody disputes over so-called "illegitimate" children to be decided in county courts. In my opinion that case should have held that bastardy related matters are those having to do with contested paternity suits.

But *Rapp* v. *Kizer* is now history and, more importantly, precedent. Perhaps that is fortunate, as it provides a marvellous example of the horrendous problem of concurrent and conflicting jurisdiction with respect to cases pertaining to juveniles existing in our juvenile, county, and chancery courts. It points up clearly and emphatically our need for a family court responsible for all aspects of the law as it relates to juveniles. Our constitution is badly outmoded in this aspect, as it is in some other areas which significantly affect the administration of justice. It is my hope that Arkansas will soon find a way to enact at least a new judicial

458

article to its constitution. Restructuring the courts administering the law on juveniles will surely be an important part of that effort.

HAYS, J., joins.