## Joey PUCKETT v. Evietta PUCKETT

85-256                                        709 S.W.2d 82

### Supreme Court of Arkansas
### Opinion delivered May 19, 1986

*James C. Cole*, for appellant.

*Terry P. Diggs*, Central Arkansas Legal Services, for appellee.

JACK HOLT, JR., Chief Justice. The exclusive jurisdiction of county courts over bastardy cases is again being challenged in this appeal. Since we are being asked to construe the Arkansas Constitution, our jurisdiction is pursuant to Sup. Ct. R. 29(1)(a).

The parties in this case have married and divorced each other twice. Between the first divorce and the second marriage, they had a child out of wedlock. During the second divorce hearing, the appellant asked that a determination as to custody of the child be made. The chancellor found he was without jurisdiction of custody, support or other matters relating to the child because the Arkansas Constitution gives county courts exclusive jurisdiction of all matters pertaining to bastards. In his appeal

from that order, appellant argues that chancery court is the historical forum for matters concerning minors, and art. 7 § 28 of the Arkansas Constitution, which confers bastardy jurisdiction on the county court, violates the equal protection clause of the United States Constitution. We find no merit in his argument and affirm the chancellor.

We have repeatedly held that original jurisdiction of all matters relating to bastardy is in the county court and that, although the reason for placing that jurisdiction with the county court no longer exists, until and unless the constitution is changed that is the law. *Jarmon* v. *Brown*, 286 Ark. 455, 692 S.W.2d 618 (1985); *Stain* v. *Stain*, 286 Ark. 140, 689 S.W.2d 566 (1985); *Rapp* v. *Kizer, Chancellor*, 260 Ark. 656, 543 S.W.2d 458 (1976); and *Higgs* v. *Higgs*, 227 Ark. 572, 299 S.W.2d 837 (1957). In *Jarmon* we specifically found that a lawsuit for custody of an illegitimate child must be heard in county court.

Appellant acknowledges our holdings on this issue, but claims that none of these cases presented the constitutional question of equal protection.

We need not reach appellant's constitutional argument, however, because we cannot ascertain from the transcript whether this issue was presented to the trial court. The record on appeal consists of the chancellor's decree and the notice of appeal. There is no mention in the decree of appellant's equal protection argument. The appellant had the burden of presenting a record and abstract sufficient to show the trial court was wrong. *City of Star City* v. *Shepherd*, 287 Ark. 188, 697 S.W.2d 113 (1985); *SD Leasing, Inc.* v. *RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983); and *King* v. *Younts, Chief of Police*, 278 Ark. 91, 643 S.W.2d 542 (1982). We have long held that assignments of error may not be raised for the first time on appeal and, accordingly, if the argument was not presented to the trial court, we do not consider it here. *Wasp Oil, Inc.* v. *Arkansas Oil & Gas, Inc.*, 280 Ark. 420, 658 S.W.2d 397 (1983).

Accordingly, the judgment appealed from is affirmed.

PURTLE, J., not participating.