Peter G. CLARK *v.* Lillie B. CLARK

CA 86-185                                                719 S.W.2d 712

Court of Appeals of Arkansas
Division I
Opinion delivered November 26, 1986
[Rehearing denied December 17, 1986.*]
[Supplemental Opinion Issued December 23, 1986.]

*Mayfield, J., concurs.

*The Haskins & Hendricks Law Firm*, by: *Robert B. Buck-alew*, for appellant.

*John D. Bridgeforth, P.A.*, for appellee.

Tom Glaze, Judge. In October 1985, appellee filed for divorce against appellant, alleging general indignities. While seven children had been born to the parties since 1966, the parties had not married until November 1978. Two of the children were born after the parties' marriage, but appellant acknowledges all seven are his. Appellee admitted that she had married another man in Chicago in 1962 when she was fourteen years old and had never obtained a divorce from him. Neither party knew where appellee's first husband could be located, and appellee testified that she had not seen him since 1974. Appellant admitted that he had known of appellee's prior marriage and claimed he had tried on several occasions to help appellee dissolve that marriage. The chancery court found the parties never had a valid marriage, and therefore, it could not grant a divorce or settle their property rights. Nonetheless, the court found it had jurisdiction to determine paternity, to award custody of the parties' children to appellee and to order child support in the amount of $450.00 to be paid by the appellant.

On appeal, appellant contends that the chancery court erred in retaining jurisdiction of this cause once he determined the parties were not legally married and no divorce could be granted. In support of his contentions, appellant urges the supreme court's holding in *Stain* v. *Stain*, 286 Ark. 140, 689 S.W.2d 566 (1985),

controls the facts here. We disagree.

In *Stain*, the parties were married in November 1981, and a divorce action was commenced in September 1982. One child had been born to the parties but over a year before their marriage. In her divorce complaint, Mrs. Stain alleged her husband was the father of this child and requested child support. The husband admitted paternity but challenged the chancery court's decision that it had jurisdiction to decide the paternity issue or award child support. The supreme court agreed, relying on article 7, section 28, of the Arkansas Constitution, which provides in pertinent part that "[t]he county courts shall have exclusive original jurisdiction in all matters relating to . . . bastardy. . . ." Citing *Higgs* v. *Higgs*, 227 Ark. 572, 299 S.W.2d 837 (1957), and *Rapp* v. *Kizer, Chancellor*, 260 Ark. 656, 543 S.W.2d 458 (1976), the supreme court ruled that the *Stain* case involved a matter relating to bastardy and, accordingly, reversed the lower court's decision. This case differs from *Stain*, however, because here the validity of the parties' marriage itself is the ultimate question, not whether chancery court has jurisdiction over paternity. Obviously, if the parties' marriage is valid, the chancery court clearly has jurisdiction of appellee's divorce action. In this respect, we find the chancery judge here was clearly erroneous in determining the parties' marriage was invalid, and we remand for further proceedings consistent with this opinion.

Under Ark. Stat. Ann. § 55-108 (Repl. 1971), a bigamous marriage is void from its inception, and no decree of any court is required to declare it so. *Smiley* v. *Smiley*, 247 Ark. 933, 448 S.W.2d 642 (1970); *Goset* v. *Goset*, 112 Ark. 47, 164 S.W. 759 (1914). However, it is a longstanding presumption of law that a marriage entered in due form is valid, and the burden of proving a marriage invalid is upon the party attacking its validity. It is presumed that, when a man and woman are married, and one has a living spouse, the former spouse has been divorced at the time of the marriage. *Higgins* v. *Higgins*, 266 Ark. 953, 588 S.W.2d 454 (1979); *Lathan* v. *Lathan*, 175 Ark. 1037, 1 S.W. 67 (1928); *Cash* v. *Cash*, 67 Ark. 278, 54 S.W. 744 (1899).

Further, there is the additional presumption that the former spouse was dead at the time of the second marriage. *Goset* v. *Goset*, 112 Ark. 47, 164 S.W. 759 (1914). The presumptions of divorce from or death of a previous spouse are so strong that they

exist despite the fact that overcoming them involves proof of a negative, i.e., proof of no divorce and/or proof that the previous spouse is still living. *Estes* v. *Merrill*, 121 Ark. 361, 181 S.W. 136 (1915).

█ Here, appellant failed in his burden of proving his marriage to appellee was invalid. The only testimony tending to rebut the presumption that appellee's former spouse had been divorced was that of the parties' testimony that appellee had not obtained a divorce. There was no evidence at all that appellee's former spouse had not divorced appellee. The evidence was not sufficient to overcome the presumption of divorce. Neither did appellant produce any proof that appellee's former spouse was alive, which leaves intact the presumption that he was dead.

█ We decide cases *de novo* on the record, and chancery cases will not be remanded for further proceedings when we can plainly determine from the record the rights and equities of the parties. *Moore* v. *City of Blytheville*, 1 Ark. App. 35, 612 S.W.2d 327 (1981). However, this court may in appropriate circumstances exercise its discretion to remand so that the pertinent facts, not fully developed, may be ascertained. *Id.*

In this divorce case, a temporary hearing and a contempt proceeding were the only proceedings held. Only the parties testified, and as we have said, appellant failed to show his and appellee's marriage was invalid. Since the chancellor erroneously found that the parties had never been married and, consequently, that he did not have jurisdiction to entertain the divorce action, this cause is remanded for further proceedings on appellee's complaint for divorce.

Reversed and remanded.

CRACRAFT, C.J., and COOPER, J., agree.

Supplemental Opinion on Denial of Rehearing
December 23, 1986█

725 S.W.2d 1

Tom Glaze, Judge. Appellant has petitioned for rehearing on three separate points, one of which we believe has some merit and requires a clarification of our opinion in this case issued November 26, 1986. Consequently, this supplemental opinion is issued.

In our earlier opinion, we held that the chancellor erred in determining that the parties had never been married and that he had no jurisdiction to entertain the parties' divorce action. That being the case, we remanded this cause for further proceedings on appellee's complaint for divorce which would include custody, support and related matters concerning the children born of the parties' marriage. Of course, the record, as appellant correctly points out, reflects that five of the parties' seven children were born prior to the marriage of the parties in 1978.

We previously noted that *Stain* v. *Stain*, 286 Ark. 140, 689 S.W.2d 566 (1985), holds that article 7, section 28, of the Arkansas Constitution, demands that all matters "relating to . . . bastardy . . ." be heard in the county courts. *See Higgs* v. *Higgs*, 227 Ark. 572, 299 S.W.2d 837 (1957); *Rapp* v. *Kizer, Chancellor*, 260 Ark. 656, 543 S.W.2d 458 (1976). The *Stain, Higgs*, and *Rapp* cases make it clear that any issues, concerning paternity, custody or support for any children of the parties born prior to the 1978 marriage lie in the county court, not chancery court. As the supreme court mentioned in *Stain*, we too are restrained by the provisions of the Arkansas Constitution even though the reason for placing jurisdiction in the county court no longer exists and, indeed, may seem inappropriate in a case such as this.

This cause is reversed and remanded for proceedings not inconsistent with this opinion and our opinion of November 26, 1986.

Mayfield, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the denial of rehearing in the above case only because the appellant did not produce any evidence to overcome the presumption that appellee's former spouse was dead.