Naomi Johnson HENRY *v.* Leonard JOHNSON, Administrator

86-279                                           730 S.W.2d 495

Supreme Court of Arkansas
Opinion delivered June 15, 1987

*Wayne R. Foster*, for appellant.

*Marquis E. Jones*, for appellee.

JOHN I. PURTLE, Justice. ■ After the decedent's death, his brother petitioned the probate court for appointment as personal representative of the estate. Letters of administration were issued. The appellant then filed a petition in the probate court for determination of heirship, claiming to be the illegitimate child of the decedent. The probate court decided that the appellant's petition was a matter relating to bastardy and transferred it to the county court. The county court then transferred the case back to probate on the theory that a proper petition to establish paternity had not been filed and that the county court was without jurisdiction. The probate court then dismissed the petition on the ground that Article 7, Section 28, of the Arkansas Constitution grants exclusive jurisdiction to the county court in all matters relating to bastardy. We agree with the appellant's argument that determination of heirship is not a bastardy proceeding within the meaning of Article 7, Section 28, and therefore reverse the decision and remand the case to the probate court.

Alonzo Johnson died intestate in Pulaski County, Arkansas, on January 9, 1985. The petitioner was born in Chicot County, Arkansas, on September 23, 1935. During the decedent's lifetime there had been no legal proceeding to determine if the decedent was the father of the appellant. We considered a somewhat factually similar case in *Lewis* v. *Petty,* 272 Ark. 250, 613 S.W.2d 585 (1981). Although *Lewis* fell within the period of time between the decision of *Trimble* v. *Gordon,* 340 U.S. 762 (1979), which declared statutes similar to Ark. Stat. Ann. § 61-141(d) to be unconstitutional, and the reenactment of the revised 61-141(d) (Act 1015 of 1979), the decision is persuasive. There the illegitimate daughter of Lewis was born in 1927, and Lewis died in 1978 without a legal determination of paternity during his lifetime. In *Lewis* the petition for a determination of heirship was filed in the probate court and was never considered by the county court.

■ We also considered the matter of an illegitimate child in the case of *McFadden* v. *Griffith,* 278 Ark. 460, 647 S.W.2d 432 (1983). There we were concerned with the claim of child support by the mother of a teenaged child against the putative father. The action was initiated in the county court as a bastardy proceeding. The county court found that McFadden was the father of the child and ordered support. This order was then affirmed by the circuit court and we affirmed that decision. For reversal the appellant cited the case of *Lewis* v. *Petty,* supra. However, we distinguished the type bastardy proceeding presented in *McFadden* from one to determine heirship as in *Lewis.* We stated that the standard of proof in determining heirship by a child of a deceased person is by clear and convincing evidence; whereas, the quantum of proof required against a living putative father is by a preponderance of the evidence.

■■ Clearly this Court has recognized that an illegitimate child may bring a petition for the determination of heirship in the probate court where the decedent's estate is being administered. Equally certain is our adherence to the requirement that matters relating to bastardy must be brought in the county courts pursuant to Article 7, Section 28, Constitution of Arkansas. The possible confusion of these two positions arises from the language used in some of our decisions, such as *Higgs* v. *Higgs,* 227 Ark. 572, 229 S.W.2d 837 (1957); *Rapp* v. *Kizer,* 260 Ark. 656, 543 S.W.2d 458 (1976); *Stain* v. *Stain,* 286 Ark. 140, 689 S.W.2d 256 (1985); and *Jarmon* v. *Brown,* 286 Ark. 455, 692 S.W.2d 618 (1985). All four of these cases held that chancery courts do not have jurisdiction to determine paternity and establish support payments and visitation rights in cases involving an illegitimate child. None of these cases dealt with probate proceedings for the determination of heirship of an illegitimate. Admittedly the language of *Rapp* and *Jarmon* was not expressly limited to proceedings to establish paternity, support and visitation, but these decisions are obviously limited to the issues presented. The issues presented in all of these decisions are all limited to true bastardy proceedings.

In *Stain* we questioned the current relevance of the constitutional provision found in Article 7, Section 28. There we quoted from *Higgs,* supra, as follows:

The common law affords no remedy to compel a putative father to contribute to the support of his illegitimate offspring. Statutes now exist in most jurisdictions, however, providing for judicial proceedings, usually called filiation or bastardy proceedings, to establish the paternity of a bastard child and to compel the father to contribute to its support. . . . Perhaps the reason for placing jurisdiction in bastardy matters in the county court no longer exists, but nevertheless, the Constitution has not been changed, and the court still has exclusive, original jurisdiction in such matters.

This concern was also reflected in the concurring opinion of two justices in *Jarmon* v. *Brown,* supra. This concurrence also specifically objected to the broad language in *Rapp* v. *Kizer,* supra.

In the present case the appellant sought only to establish heirship in a probate court, and we hold that she should have been allowed to present her case in that forum. She did not attempt to establish liability for expenses, support payments or visitation rights of an unmarried parent. To the extent, if any, that our prior decisions have implied that county courts have jurisdiction to determine heirship, they are overruled.

Reversed.