Robert Earl HARRIS *v.* STATE of Arkansas

CR 87-171                                743 S.W.2d 822

Supreme Court of Arkansas
Opinion delivered February 8, 1988

*Ablondi & Taylor, P.A.*, by: *Tami Harlan*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. This is a criminal case in which appellant was convicted of first degree murder, aggravated robbery and theft of property. He was sentenced to life imprisonment for the murder and robbery convictions and ten years for the theft crime. On appeal, appellant argues that the evidence was insufficient to support his convictions, and that the trial court erred in finding he voluntarily and knowingly waived his rights and in admitting his confession into evidence. Appellant's contentions are wholly without merit, and we affirm.

We first dispose of appellant's argument that the waiver of rights form he signed failed to meet the requirements under *Miranda* v. *Arizona*, 384 U.S. 436 (1966) because it did not reflect that he had the right to an attorney at no cost. *See Mayfield* v. *State*, 293 Ark. 216, 736 S.W.2d 12 (1987) (wherein this court held invalid a waiver form that failed to convey to the defendant the fact that he could have a lawyer free of charge). Appellant never raised this specific objection at trial, and he cannot change the grounds for an objection on appeal. *See Halfacre* v. *State*, 290 Ark. 312, 718 S.W.2d 945 (1986); *Vasquez* v. *State*, 287 Ark. 473-A, 702 S.W.2d 411 (1986). We also note that appellant failed to abstract any waiver form for our review, and the appellee, in furnishing its supplemental abstract, abstracted a form that the appellant previously had executed in

connection with a breaking and entering charge and not the crimes involved here. In sum, however, we do not address this issue since it is raised for the first time on appeal. *See e.g. Puckett v. Puckett,* 289 Ark. 67, 709 S.W.2d 82 (1986).

Appellant's actual argument below was that he did not knowingly and voluntarily sign the waiver form because of his low IQ, and while he knew what a lawyer was, he failed to understand the terms of the waiver or the word "attorney" when he was read his rights. He further contended that his confession was the result of an officer's threat "to stick appellant with a needle to make him pass out and to fry him until his eyes popped out." Appellant's testimony concerning the waiver form and his confession was rebutted by the testimony of law enforcement Officers Beaver and Thomas.

Thomas testified that he arrested appellant, and after taking him to the Little Rock Police Department, he placed him in an interrogation room, where the appellant remained by himself for about three hours. Both Thomas and Beaver then joined the appellant in the interrogation room, where they advised him of his rights, and after the appellant signed the waiver form, the officers said the appellant began making a statement. The officers denied all of appellant's allegations that he had been threatened or offered promises. They also testified that appellant gave no indication that he failed to understand his *Miranda* rights.

While the state bears the burden of proving by a preponderance of the evidence the voluntariness of an in-custodial confession, any conflict in the testimony of different witnesses is for the trial court to resolve, *Harvey* v. *State,* 272 Ark. 19, 611 S.W.2d 762 (1981), and the finding of the trial court will not be set aside unless it is clearly against the preponderance of the evidence. *See Stone* v. *State,* 290 Ark. 204, 718 S.W.2d 102 (1980); *Walters* v. *State,* 267 Ark. 155, 587 S.W.2d 831 (1979). In our review of the conflicting testimony given in this cause, we are unable to say the trial court's finding that the appellant understood and voluntarily waived his rights and gave his confession was clearly against the preponderance of the evidence.

We also find no merit to appellant's argument that the evidence fails to support his convictions. Appellant gave varying accounts of his own contacts with the male victim who had been

beaten to death. One version was given by the appellant in his confession wherein he implicated his cousin as an accomplice in their beating and robbing the "old man," who was drunk at the time. Appellant admitted that he and his cousin were involved in beating and taking the victim's property, but the victim was alive when they left him. Appellant further admitted he took the victim's truck and tools and that both he and his cousin discarded the old man's clothes in some weeds. In testifying at trial, appellant agreed to much of what he previously said in his confession, but he also denied important parts of it. In significant part, he agreed that he saw the victim on the night of his death, but denied he had hit or hurt him; he further repudiated that he had said his cousin was anywhere around that evening. Appellant also admitted stealing a truck that was nearby the old man that night. However, because the man appeared to be a wino, appellant said it never crossed his mind that the truck belonged to the old man.

We have given detailed review to appellant's accounts of what happened the night of the victim's death and find his stories replete with inconsistencies. In fact, some of appellant's statements, themselves, defy one's belief in his story. But, placing such inconsistencies aside, all of appellant's accounts reflect he was with the victim on the night of the murder and he admitted having stolen the victim's truck. In addition, two other witnesses saw the appellant with the victim on the night the victim was killed—though they related the victim was alive and sitting up when they saw him. The appellant also took the police to where he had thrown the victim's clothes, and he further disclosed that he had repaired and changed the appearance of the victim's truck after having stolen it.

In *Thomas* v. *State*, 266 Ark. 162, 583 S.W.2d 32 (1979), we held that the jury had a right to accept that part of the defendant's statement and testimony it believed to be true and to reject that part it believed to be false. This court has also held that the trier of fact is not required to believe the testimony of any witness; this is especially true where the testimony of the accused is involved. *See Core* v. *State*, 265 Ark. 409, 578 S.W.2d 581 (1979). In viewing the evidence by these standards and in the light most favorable to the state, we have no reluctance in holding the appellant's convictions were supported by sufficient evidence.

Because we find none of the appellant's points deserving of merit, we affirm.