Carroll ROSE *v.* Crystal Paulette MAHAN

CA 89-69                                                     777 S.W.2d 864

Court of Appeals of Arkansas
Division II
Opinion delivered October 11, 1989

*Herby Branscum, Jr.,* for appellant.

*William R. Bullock,* for appellee.

JOHN E. JENNINGS, Judge. On November 3, 1972, the county judge of Yell County entered an order finding that the appellant, Carroll Rose, was the father of Douglas Rose, and directing appellant to pay to the child's mother, Crystal Mahan, the appellee here, the sum of $15.00 per week as child support until the child reached age sixteen.

In 1984, Ms. Mahan filed a petition in the county court of Yell County, seeking an increase in child support. The county court increased the amount of support to $27.50 per week and an appeal was taken to the Yell County Circuit Court. On July 17, 1985, the circuit judge entered an order setting child support at $22.00 per week.

On July 30, 1988, Douglas Rose reached the age of sixteen and the appellant stopped paying child support. On September 21, 1988, the appellee filed a petition for citation for contempt and for an increase in child support in the Yell County Circuit Court. The circuit judge held a hearing on October 17, 1988. The court declined to find Mr. Rose in contempt, rejected the request for an increase in child support, but modified its previous order by requiring Mr. Rose to pay child support until Douglas reached the age of eighteen.

Although appellant lists three points on appeal, there is, in reality, only one argument: that the circuit court lacked jurisdiction to enter the order of October 17, 1988.

Appellant is, of course, correct in his argument that the county court has exclusive original jurisdiction in matters relating to a determination of paternity. Ark. Const. Art. 7, § 28; *Jarman* v. *Brown*, 286 Ark. 455, 692 S.W.2d 618 (1985). Here, however, an order of the county court was appealed to the Yell County Circuit Court, which entered its order in 1985. The appeal from county court to circuit court in a paternity proceeding is a trial *de novo*. Ark. Code Ann. § 9-10-118 (1987); *Winston* v. *Robinson & State*, 270 Ark. 996, 606 S.W.2d 757 (1980). After an order is entered in the circuit court, the earlier order of the county court is superseded. *See Winston, supra.*

Arkansas Code Annotated Section 9-10-115 (1987) provides that "the court may, at any time, enlarge, diminish, or vacate any such order or judgment in the proceedings under this section [and other code sections relating to paternity proceedings] as justice may require and on such notice to the defendant as the court may prescribe." Undoubtedly, the reference to "the court" means whatever court entered the order which is sought to be modified. In the case at bar it was the order of the circuit court which Ms. Mahan sought to modify. As a general rule a judgment may be modified only by the court which rendered it and not by

any other court, especially not by a court of inferior jurisdiction. *See* 21 C.J.S. *Courts* § 501 (1940). Clearly, the county court of Yell County would be powerless to modify an order issued by the circuit judge of that county. Therefore, the petition to modify was properly filed in circuit court.

Affirmed.

CORBIN, C.J., and MAYFIELD, J., agree.